# CASES

# SUPREME JUDICIAL COURT,

COUNTY OF SOMERSET, JUNE TERM, 1841.

---

### Cyrus Bryant *versus* Henry Tucker.

An attachment and subsequent levy of real estate, of which the debtor was in the quiet enjoyment, puts the judgment creditor, as against his debtor, in the seizin of the premises, as much as if the tenant had at that time given a deed of the same at the time of the attachment.

After such levy, the debtor becomes the tenant at will of his creditor, and if he resists the entry of the judgment creditor, he may treat him as a disseizor, at his election.

The tenant in a real action, when the demandant has made out a *prima facie* case, if he would avoid such title, he should distinctly set up in his brief statement the title of the real owner.

This was a writ of entry, for a small lot of land, and buildings thereon in Fairfield. Plea, the general issue. The tenant also filed a brief statement that he was not a tenant of the freehold at the time of the commencement of this suit, nor at any time since. The writ was dated Oct. 21st, 1839.

On the trial, before Weston C. J. the plaintiff proved that on the 30th of May, 1837, he attached the demanded premises, on his writ against the defendant, and prosecuted the suit to final judgment, within thirty days from which, to wit, on the 19th of July, 1838, he caused his execution on said judgment to be levied on the demanded premises, and on the same day seizin and possession were delivered him by the officer. The entry by the register of deeds upon the record of the officer's return of said levy, was dated on the 26th of

July, 1838. The register of deeds being called, exhibited a book in which he kept a memorandum of the return of levies to be recorded, which shew that the entry was made on the 26th of July, 1838. The plaintiff's counsel then moved to amend the record accordingly, but the question was reserved for the opinion of the full Court.

' The plaintiff further proved, that the defendant at the time of this attachment and levy, and for about five years, was in the actual possession and improvement of the demanded premises and so continued to the present time. He further read in evidence a warranty deed of the premises from Russel O. Ellis to the tenant, dated Feb. 7, 1833, and also a warranty deed of the same from David Gulliver to Ellis, dated August 20th, 1831, and proved that Gulliver had been in the actual occupation and possession of the premises for a long time before his deed to Ellis. Improvements have been made on the premises since Gulliver conveyed to Ellis.

The defendant offered in evidence a deed from John Hancock, to David and Peter Page, dated 15th March, 1826, of half of the demanded premises with covenants of warranty except possessory titles. Also a deed from Williams Emmons to A. Redington, dated Feb. 8, 1827, of the other half, and from said Redington to the said Pages of the other half, and from said Peter to David Page of his undivided half of the premises, dated Oct. 30th, 1839, also a quit claim from David Gulliver to D. Page, dated Feb. 19, 1820, and a mortgage from D. Page to the defendant, dated June 10th, 1837, which was assigned to Jonathan Tucker in Sept. 1838.

The plaintiff read in evidence a warranty deed of the premises, dated June 10, 1837, from David Page to the defendant. David Page being called as a witness, testified that the whole lot described in the deeds above mentioned, contained seventy acres; that the demanded premises are about three fourths of an acre; that he never had actual possession of the lot or any part of it; that until he had been shown a recorded copy of D. Gulliver's deed, of Feb. 19, 1820, he had forgotten that he had ever had such a deed; that he had no recollection of

having paid to Gulliver any thing for the deed and he thought, Gulliver being then embarrassed, that it was given to prevent his creditors from attaching the land; that he claimed title under the deed from Emmons and Hancock, and that it was understood between him and Gulliver, that if Gulliver should pay the notes, as they became due, he was to convey the land to him; that Gulliver did not pay the notes, as they became due; that Gulliver has since paid them to him, but that he, Page, never conveyed the land to Gulliver. He further testified, that he took the deed by consent of Gulliver.

The presiding Judge being of opinion that these facts constituted no defence, the defendant was defaulted. If the whole Court should be of a different opinion upon the evidence, so far as it is competent, the default is to be taken off and the plaintiff to become nonsuit.

*Wells,* for the defendant. At the time of the attachment the tenant had no attachable interest in the premises, but the title was in Page; so that the plaintiff acquired nothing by his levy. The defendant was not tenant of the freehold at the date of this suit, Oct. 21, 1839. On the 10th of June, 1837, the tenant conveyed the premises to Page, who, on the same day, gave a mortgage back to him, which, in Sept. 1838, was assigned to Jonathan Tucker, whose tenant the defendant is.

The levy purports to be recorded before it was made — and no amendment can be made to affect the rights of third persons. *Means* v. *Osgood,* 7 Greenl. 146; *Howard* v. *Turner,* 6 Greenl. 106; *Bannister* v. *Higginson,* 15 Maine R. 73; *Gilman* v. *Stetson,* 16 Maine R. 124. This is a public record, over which the Courts have no control.

*Boutelle* and *H. Smith,* for the plaintiff. The plaintiff having received seizin and possession, has a title as against the defendant. *McGregor* v. *Brown,* 5 Pick. 170; *Wyman* v. *Brigden,* 4 Mass. R. 150; *Waterhouse* v. *Gibson,* 4 Greenl. 230; *Fairbanks* v. *Williamson,* 7 Greenl. 101; *Makepeace* v. *Bancroft,* 12 Mass. R. 474. The moment the levy is shown, the plaintiff's title is established. The sheriff's return is conclusive, as to all the parties to the execution. *Bott* v. *Burnell,*

11 Mass. R. 163. Had the plaintiff replied that he was tenant of the freehold, and that he was in possession, it would have maintained the issue on his part. *Heard* v. *Hall,* 16 Pick. 457 ; Jackson on Real Actions, 97.

The amendment of the levy, as between these parties, is immaterial. Recording is necessary only by way of notice, and that the tenant had. *Gorham* v. *Blazo,* 2 Greenl. 232.

The opinion of the Court was delivered by

WESTON C. J. — When the demandant made his attachment, the tenant, the judgment debtor, was in possession of the demanded premises, claiming to hold the same in fee. He held under a deed of warranty from Russell O. Ellis, dated February 7, 1833, who had a deed of warranty from David Gulliver, dated August 20, 1831, Gulliver being at that time in actual possession. Under these deeds Ellis and the defendant successively entered and quietly occupied, up to the time of the demandant's attachment. That attachment and the subsequent levy, whatever error there may have been in the registry, put the demandant, as against the tenant, in the seizin of the premises, as much as if the tenant had at that time given him a deed of the same. And his acceptance of a mortgage from Page, between the attachment and the levy, could not impair the rights of the demandant.

After the levy, as between the parties, the tenant became the tenant at will of the demandant. If he resists his entry, the demandant may treat the tenant as a disseizor, at his election. Whatever right Jonathan Tucker may have derived, from the assignment to him of the mortgage from Page to the tenant, it does not appear that he has entered as mortgagee, or interfered in any manner. The demandant has made out a *prima facie* case. If he would have avoided his title, he should have set up distinctly, in his brief statement, title in another, which he has not done. The demandant at his election may treat him as a disseizor. It is no defence for him to allege, that he is not tenant of the freehold, at least without averring in whom the freehold is. The tenant having made out no available de-

Smithfield *v.* Belgrade.

fence, we are not called upon to determine who may have the better title, as between the demandant and Jonathan Tucker. It will be time enough to determine that question, when the parties are before us.

*Judgment for the demandant.*